UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY T. MCNAMARA,        )<br>        Plaintiff,        )<br>                                  )<br>-v-                              )<br>                                  )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>        Defendant.        )<br>_____)  | No. 1:12-cv-241<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S DECISION

Plaintiff Gary McNamara filed this lawsuit seeking review of the final decision of the Commissioner of Social Security. The Commissioner denied McNamara's claim for supplemental social security benefits. The magistrate judge reviewed the record and issued a report recommending the Commissioner's decision be affirmed. (ECF No. 16.) McNamara filed objections. (ECF No. 17.) The Commissioner filed a response. (ECF No. 18.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

McNamara identifies four objections. First, McNamara generally refers to and adopts his prior briefing of specific issues. This first objection is not a valid objection; general objections that

do not specifically identify points of contention are treated in the same manner as a failure to object. *Howard*, 932 F.3d at 509.

Second, McNamara argues that the ALJ erred in her assessment of the treating physician's opinion. McNamara does not identify an error of law or fact in the R&R. The Court finds the R&R accurate outlines the relevant facts and applies the relevant law. The ALJ, as noted by the magistrate judge, found that the treating physician's opinions were not supported by objective medical evidence. Without such support, the treating physician's opinion is not entitled to controlling weight. As part of this objection, McNamara argues the magistrate judge failed to address his claim that the ALJ went outside the administrative record. This argument is incoherent. McNamara has not identified what evidence the ALJ relied upon that was not part of the administrative record. (ECF No. 12 Pl. Br. 7-9 PgID 676-78; Obj. 2-3 PgID 712-13.) The MRIs that McNamara discusses here are part of the administrative record. McNamara's authority on this point discusses the improper taking of administrative notice. McNamara has not identified where the ALJ took administrative notice of some fact or conclusion.

Third, McNamara argues that the magistrate judge erred in deciding the weight that should have been afforded to the testimony of the nurse practitioner. The magistrate judge correctly summarized the relevant law. The magistrate judge also accurately described the ALJ's assessment of the opinion of the nurse practitioner. McNamara has not established any error in the R&R on this point. As part of this objection, McNamara argues that the magistrate judge ignored the opinion of a "treating therapist," citing "Report and Recommendation page 15; court ID# 501." (Obj. 4-5 PgID 714-15). The R&R is only 12 pages long and spans PgID 699-710. Page 501 of the CM-ECF generated page numbers is part of the administrative record and appears to be a medical discharge

from the emergency room at Sparrow Hospital dated June 16, 2006. The Court performed a find word search and could not locate the word "therapist" in either the ALJ's opinion or the R&R.

Fourth, McNamara argues that the magistrate judge erred in referring to the possibility that the determination of disability was short-term. The objection utterly distorts the R&R. The magistrate judge placed the word "short-term" in quotation marks because the nurse practitioner used the same words. The ALJ rejected the nurse practitioner's conclusion that disability was "advisable" for two reasons: (1) the determination of disability was a legal one reserved for Commissioner and (2) her motivation for the disability finding was so that McNamara could get insurance. The magistrate judge's use of the words "short term" is not an error that requires correction.

For these reasons, the R&R is **ADOPTED**, over objections, as the opinion of this Court and the final decision of the Commissioner of Social Security is **AFFIRMED.  IT IS SO ORDERED.**


Date:   December 30, 2014                         /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    Chief United States District Judge